**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Loni Dee Ashcroft,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　　Defendant. | No. CV-21-08115-PCT-GMS<br><br>**ORDER** |

Pending before the Court is Loni Dee Ashcroft's ("Plaintiff") Motion for Entry of Default (Doc. 14). For the reasons below, Plaintiff's Motion is granted.

**BACKGROUND**

The Court originally dismissed this case on September 3, 2021 because Plaintiff had failed to serve the Commissioner ("Defendant"). (Doc. 8.) Plaintiff then filed a Motion to Reopen Case. (Doc. 9.) The Court allowed Plaintiff to file Affidavits of Service by November 1, 2021. (Doc. 10.) Plaintiff did so, (Doc. 11); the Court granted her Motion to Reopen; and the Court mailed its order to the Office of General Counsel, the United States Attorney General, and the United States Attorney for the District of Arizona. (Doc. 12.) Defendant was ordered to acknowledge receipt of the Court's order by December 3, 2021, and to file a responsive pleading by December 17, 2021. (Doc. 12.) Defendant did neither. Plaintiff later filed this Motion for Entry of Default on January 26, 2022. (Doc. 14.) Defendant finally entered an appearance on February 11, almost two months after it should

have filed a responsive pleading.  (Doc. 15.)

## DISCUSSION

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Although Rule 55(a), Fed. R. Civ. P., refers to entry of default by the clerk, it is well-established that a default also may be entered by the court." *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 185 (7th Cir. 1982); 10 James Wm. Moore, *Moore's Federal Practice* § 55.12(3) (3d ed. 2021). "Entry of default pursuant to Fed. R. Civ. P. 55(a) effects defendants' admission of the factual allegations of the complaint, except those relating to the amount of damages." *Gen. Produce Co. v. Alex R. Thomas & Co.*, No. CIVS081084JAMEFB, 2009 WL 1871678, at *4 (E.D. Cal. June 29, 2009); Fed. R. Civ. P. 8(b)(6); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.")

Although the Commissioner has filed a Notice of Appearance, (Doc. 15), he has not filed a responsive pleading, nor has he "otherwise defend[ed]" this lawsuit.  Fed. R. Civ. P. 55(a).  According to Plaintiff's affidavit and certified mail receipts, Plaintiff properly served Defendant on August 9, 2021.  The case was reopened in November 2021.  Defendant has had ample time to respond to this lawsuit and has not done so.  Plaintiff's Motion is granted.

## CONCLUSION

Defendant has made an appearance but has not defended this case in any way since being served in August 2021.  Accordingly,

/ / /

/ / /

/ / /

- 2 -

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Entry of Default (Doc. 14) is **GRANTED**. The Clerk of Court is directed to enter default against Defendant Commissioner of Social Security Administration.

Dated this 17th day of February, 2022.

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge