**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Loni Dee Ashcroft, | No. CV-21-08115-PCT-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is the Commissioner of Social Security's ("Defendant") Motion for Relief from Default Pursuant to Fed. Civ. P. 55(c) (Doc. 20.). For the reasons below, the Motion is granted.

## BACKGROUND

The Court originally dismissed this case on September 3, 2021 because Plaintiff had failed to serve Defendant. (Doc. 8.) Plaintiff then filed a Motion to Reopen Case. (Doc. 9.) The Court allowed Plaintiff to file Affidavits of Service by November 1, 2021. (Doc. 10.) Plaintiff did so, (Doc. 11); the Court granted her Motion to Reopen; and the Court mailed its order to the Office of General Counsel, the United States Attorney General, and the United States Attorney for the District of Arizona. (Doc. 12.) Defendant was ordered to acknowledge receipt of the Court's order by December 3, 2021, and to file a responsive pleading by December 17, 2021. (Doc. 12.) Defendant did neither. Plaintiff later filed a Motion for Entry of Default on January 26, 2022. (Doc. 14.) After Plaintiff filed her

Motion, Defendant finally entered an appearance on February 11, 2022. (Doc. 15.) The Court granted Plaintiff's Motion, and default was entered on February 17, 2022. (Doc. 17.) Defendant now moves to set aside the default. (Doc. 20.)

## DISCUSSION

"The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Courts are given broad discretion when considering whether to set aside entry of default. *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994). In making its determination, courts "'consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925–26 (9th Cir. 2004)). "[A] finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id.*

Because the administrative record is still being compiled in this case, Defendant cannot address whether Defendant has a meritorious defense. (Doc. 20 at 4–5 n.2). The Court, therefore, will consider only Defendant's culpable conduct and prejudice to Plaintiff.

### A. Culpable Conduct

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092. "[T]he term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" *Id.* (quoting *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001), *overruled on other grounds*, *Egelhoff v. Egelhoff ex. rel. Breiner*, 532 U.S. 141 (2001)). "[S]imple carelessness is not sufficient to treat a negligent failure to reply as

inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default." *Id.*

According to Defendant, because this case was closed in September, no attorney appearance was entered. (Doc. 20 at 2.) Defendant did not realize that the case had been reopened because she primarily relies on ECF notifications to update her on court proceedings: "[D]ocuments received by U.S. Mail are nearly always redundant to ECF notifications." (Doc. 20 at 3.) Because no appearance had been made, Defendant did not receive any ECF notifications and thus did not timely file responses in this case. (Doc. 20 at 3.) Because Defendant never had any notice of the reopening of the case, her failure to respond is not "culpable." This factor weighs in Defendant's favor.

### B. Prejudice

To be prejudicial, the setting aside of default must hinder the plaintiff's ability to pursue his claim. *Lakeview Cheese Co. v. Nelson-Ricks Creamery Co.*, 296 F.R.D. 649, 654 (D. Idaho 2013). "[T]hat plaintiff will be required to establish the merit of [her] claim does not constitute prejudice in this context." *Aristocrat Techs., Inc. v. High Impact Design & Ent.*, 642 F. Supp. 2d 1228, 1233 (D. Nev. 2009); *Yan v. Gen. Pot, Inc.*, 78 F. Supp. 3d 997, 1005 (N.D. Cal. 2015). Mere delay is also insufficient to show prejudice. *TCI*, 244 F.3d at 701. "For a delay to be prejudicial, it must 'result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusions.'" *Yan*, 78 F. Supp. 3d at 1005 (quoting *TCI*, 244 F.3d at 701).

Plaintiff contends that she is unable to work because of her disability, and she needs the Supplemental Security Income benefits for support. (Doc. 21 at 1.) Although the Court sympathizes that delay in these circumstances is costly, these are the circumstances in nearly all Social Security appeals. Plaintiff has not alleged any loss of evidence or fraud or that her case will be harmed in any way from having to litigate on the merits. Because Plaintiff will not be prejudiced, this factor weighs in Defendant's favor.

### CONCLUSION

Because all factors weigh in Defendant's favor, the Court grants the Motion.

1  **IT IS HEREBY ORDERED** that Defendant's Motion for Relief from Default
2  Pursuant to Fed. Civ. P. 55(c) (Doc. 20) is **GRANTED**.
3  **IT IS FURTHER ORDERED** that Defendant shall file its Answer within fifteen
4  days of the date of this Order.
5  **IT IS FURTHER ORDERED** that Defendant shall produce the certified
6  administrative record within thirty days of the date of this Order.
7  Dated this 14th day of April, 2022.

*/s/ G. Murray Snow*
G. Murray Snow
Chief United States District Judge